ATLANTIC COAST LINE RAILROAD COMPANY *v.* BAXTER.

LUMPKIN, J. In an action for the killing of a cow by a railroad train, where the killing was admitted, and it was sought to show that the agents of the defendant used all ordinary diligence and that the occurrence was an accident; and where the engineer testified that he did not see the cow until she was killed, and that there was nothing to prevent his doing so except an embankment some three or four feet high, together with some shrubbery growing on the right of way, which he thought hid the cow and prevented his seeing her as she came on the track; and the fireman testified that he was engaged in attending to his duties on the engine, and did not see the cow before she was hit, and also testified to the existence of the embankment and the shrubbery, which would prevent her from being seen; and where evidence was introduced on behalf of the plaintiff to the effect that there was no shrubbery or other thing on the right of way at that point to prevent any one from seeing the cow, there was such conflict in the evidence as authorized the jury to pass upon the question of diligence or negligence; and the verdict of the jury in the justice's court having been approved by the judge of the superior court on being reviewed by writ of certiorari, this court will not interfere. *Ga. So. & Fla. Ry. Co.* v. *Wisenbacker*, 120 *Ga.* 656.

*Judgment affirmed. All the Justices concur.*

Submitted March 3,—Decided May 16, 1906.

Certiorari. Before Judge Parker. Wayne superior court. May 12, 1905.

*Kay, Bennet & Conyers, S. R. Harris,* and *Littlefield & Popwell,* for plaintiff in error.